1  Anna M. Rossi, State Bar No. 106229
   Duncan MacDonald, State Bar No. 148684
2  ROSSI & MacDONALD
   A Professional Corporation
3  369 Pine Street, Suite 400
   San Francisco, CA 94104
4  Telephone: (415) 956-7777
   Facsimile:  (844) 287-8360
5
   Edward S. Zusman, State Bar Number 154366
6  Kevin K. Eng, State Bar Number 209036
   MARKUN ZUSMAN FRENIERE & COMPTON LLP
7  465 California Street, Suite 401
   San Francisco, California 94104
8  Telephone: (415) 438-4515
   Facsimile: (415) 434-4505
9
   Attorneys for Representative Plaintiff
10 and the Plaintiff Class

11                 UNITED STATES DISTRICT COURT

12                 EASTERN DISTRICT OF CALIFORNIA

13

14 MARC MARCHIOLI,                        Case No. 2:16-at-616

15              Plaintiff,                 CLASS ACTION

16       v.                                COMPLAINT

17 PRE-EMPLOY.COM, INC., EISENHOWER
   MEDICAL CENTER, and DOES 1
18 THROUGH 10,

19              Defendants.

20

21       Representative Plaintiff Marc Marchioli allege as follows:

22                     **JURISDICTION AND VENUE**

23       1.      Original and supplemental jurisdiction is conferred on this Court by 28 U.S.C. §1331

24 and 15 U.S.C. § 1681p as this action is based, in large part, on the Fair Credit Reporting Act

25 ("FCRA") (15 U.S.C. § 1681, *et seq.*).  Venue is proper in the Eastern District of California because

26 Defendant Pre-Employ.com, Inc., ("Pre-Employ") resides in this District, and because a substantial

27 part of the events, acts and omissions giving rise to the claims asserted herein occurred in this

28 District.

**THE PARTIES AND THE CLASSES**

2.     Representative Plaintiff Marc Marchioli is a resident of Pittsburgh, Pennsylvania who was offered employment in California.  Specifically, at all times relevant to this litigation, Representative Plaintiff was: (a) an applicant for employment and/or an employee of Defendant Eisenhower Medical Center in California; (b) was a "Consumer" subject to the protections provided by the FCRA and protected by the California Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.*; (c) received inadequate notices and disclosures regarding investigation and reporting on him that was the subject the FCRA and was subject unfair and illegal business practices governed by the UCL; and (d) was improperly investigated by and reported on by Defendants without the requisite notices, disclosures and authorizations in violation of the FCRA and UCL.

3.     Representative Plaintiff alleges on information and belief that Defendant Pre-Employ.com, Inc., ("Pre-Employ") is a corporation incorporated in California, with its principal place of business in Anderson, California, which is within the judicial district of this Court.  At all times relevant to this litigation, Pre-Employ was subject to the FCRA as a Consumer Reporting Agency and/or Investigative Consumer Reporting Agency.

4.     Representative Plaintiff alleges on information and belief that Defendant Eisenhower Medical Center ("EMC") is a not-for-profit corporation incorporated in California, with its principal place of business in Rancho Mirage, California.  At all times relevant to this litigation, EMC was a prospective and/or actual employer of Marchioli and similarly situated class members; and was subject to the FCRA as a recipient and user of Consumer/Investigation Reports.

5.     Representative Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20 inclusive, and therefore sues these Defendants by such fictitious names and capacities.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and on that basis alleges that each fictitiously-named Defendant is responsible in some manner for the occurrences, acts and omissions herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of such Defendants.

///

COMPLAINT

6.      Representative Plaintiff is informed and believes and thereupon alleges that at all times material herein, each Defendant was dominated and/or controlled by his, her or its co-Defendants, each was the agent, representative, and alter ego of the others, and all aided and abetted the wrongful acts, errors, and omissions of the others.  Plaintiff is informed and believes and thereupon alleges that at all times material herein, each of the Defendants was the agent, employee and/or joint venturer of, or working in concert with, its, his, or her co-Defendants, and was acting within the course and scope of such agency, employment, and/or joint venture or concerted activity.  To the extent that said acts, conduct and omissions were perpetrated by certain Defendants, Plaintiff is informed and believes and thereupon alleges that the remaining Defendant and/or Defendants confirmed and ratified said acts, conduct and omissions, unless noted otherwise.  All of the Defendants, including the Doe Defendants, are alleged to be jointly and severally responsible for the damages and harm caused to Representative Plaintiff and the similarly situated Class Members in that each Defendant agreed to participate, and participated, in the furtherance of the objective of the civil wrongs alleged in this Complaint.  Whenever and wherever this Complaint refers to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and/or severally, unless noted otherwise.

**CLASS ACTION ALLEGATIONS**

7.      This is a class action, brought by Plaintiff Marc Marchioli ("Plaintiff" or "Representative Plaintiff") on behalf of himself and all other similarly situated persons ("Class Members").  Representative Plaintiff and the Class Members are collectively referred to as "the Class".

8.      Each of the Defendants are excluded from the Class.

9.      The "Class Period" is five years prior to the date of the filing of this Complaint.

10.     "Class Members" are those persons similarly situated to Representative Plaintiff Marchioli who were: (a) investigated by, or reported on, by Pre-Employ regarding actual or potential employment; and/or (b) were interviewed or hired by EMC after investigation or reporting covered by the FCRA.

///

11.     Class Members were all proximately damaged by the acts, errors, or omissions of one or more Defendants.  Generally, Pre-Employ: (a) failed to obtain requisite notices, disclosures and authorizations in violation of the FCRA; (b) conducted investigation and/or reporting in violation of the FCRA; (c) obtained Credit Information in violation of the FCRA; (d) disclosed Credit Information to employers in violation of the FCRA; and/or (e) violated the UCL.  Additionally, EMC: (a) failed to give notices, made inadequate disclosures, and failed to obtain authorizations from Representative Plaintiff and Class Member in violation of the FCRA; (b) procured investigation or reporting on actual or prospective employees in violation of the FCRA; (c) received Credit Information in violation of the FCRA; and/or (d) violated the UCL.

12.     This action is properly brought and maintained under Federal Rule of Civil Procedure 23(a) because: (a) the Class is so numerous that joinder of all members as individual plaintiffs is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the Representative Plaintiff are typical of the claims of the Class Members; and (d) the Representative Plaintiff will fairly and adequately protect the interests of the Class.

13.     With respect to numerosity, on information and belief, Representative Plaintiff alleges that Defendant EMC is a large employer that regularly reviews applications for employment in a variety of positions and has hired hundreds, if not thousands, of employees during the Class Period. Additionally, on information and belief, Representative Plaintiff similarly alleges that Defendant Pre-Employe has reviewed applications for employment regarding hiring hundreds, if not thousands, of employees during the Class Period.

14.     With respect to common questions of law or fact, the allegations in this Complaint address primarily the notices, disclosures, authorizations and procedures required of Defendants under exactly the same statutes for each of the Class Members.  Accordingly, the claims are all under the same law and address, through violations of the FCRA and UCL by Defendants under the same repeated hiring circumstances, the same facts.

15.     With respect to typicality and adequacy of representation, Plaintiff Marchioli's claims are the same as all of the Class Members.  All Defendants failed to provide the requisite notices and disclosures and failed to obtain the requisite authorizations before EMC procured

consumer/investigation reports, and Pre-Employ conducted investigations and/or compiled data about Plaintiff and Class Members.  The same conduct violating the same statutes is at issue for all of the remaining Class Members.  Additionally, Plaintiff Marchioli is appropriately situated, willing, and able to represent the interests of the Class.

16.     This action is also properly brought and maintained under Federal Rule of Civil Procedure 23(b) because: (a) prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants; (b) adjudications with respect to individual Class Members, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications and/or would substantially impair or impede the ability of other Class Members to protect their interests; or (c) questions of law or fact common to Class Members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the parties.

17.     With respect to the grounds for class action under Federal Rule of Civil Procedure 23(b), the proper way to address the statutory violations by Defendants, particularly those involving defective procedures to ensure compliance with the FCRA and UCL, is through this single action on behalf of all similarly situated Class Members.  Further, through a proscriptive injunction, correction of Defendants' ongoing procedures can be obtained on behalf of all members of the Class. Additionally, because the statutory damages are limited to $1,000 or less -- making individual claims impractical -- a class action is the only appropriate form of action to address these duplicative small claims held by the large group of Class Members.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF FEDERAL CREDIT REPORTING ACT (15 USC §1681a, *ET SEQ.*)**

**AGAINST ALL DEFENDANTS**

18.     Representative Plaintiff incorporates by reference and re-allege the foregoing paragraphs of this Complaint.

///

19.     During the Class Period, Defendants EMC, Pre-Employ, and Does 1 through 20 have violated the Federal Credit Reporting Act in 15 U.S.C. § 1681a, *et seq.* ("FCRA") and Plaintiff Marchioli and the Class Members were harmed and damaged in several ways including, in particular:

(a)     Defendants procuring or causing the procurement of credit reports about Plaintiff and Class Members without: (i) a clear and conspicuous disclosure to the Class beforehand that consists solely of the disclosure that a consumer report may be obtained for employment purposes; and (ii) authorization from the Class in writing to the procurement as required by 15 U.S.C. § 1681b(b)(2)(A)

(b)     Defendants failing to obtain certification that employers made proper disclosures to Plaintiff and Class Members as "consumers" as required by 15 U.S.C. § 1681b(b)(1)(A)(i);

(c)     Defendants failing to provide certification that employers had made proper disclosures to Plaintiff and Class Members as "consumers" as required by 15 U.S.C. § 1681b(b)(1)(A)(i);

(d)     Defendants failing to obtain from employers certification that the consumer reports about Plaintiff and Class Members will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation as required by 15 U.S.C. § 1681b(b)(1)(A)(ii);

(e)     Defendants failing to provide certification that the consumer reports about Plaintiff and Class Members will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation as required by 15 U.S.C. § 1681b(b)(1)(A)(ii);

(f)     Defendants providing consumer reports about Plaintiff and Class Members without a summary of the consumer's rights as required by 15 U.S.C. § 1681b(b)(1)(B);

(g)     Defendants failing to provide a description in writing of the rights of Plaintiff and Class Members as "consumers" as required by 15 U.S.C. § 1681b(b)(3)(ii)

(h)     Defendants obtaining or providing consumer reports about Plaintiff and Class Members without authorization or certification as required by 15 U.S.C. § 1681b(f);

(i)     Defendants using or obtaining consumer reports about Plaintiff and Class Members without authorization or certification as required by 15 U.S.C. § 1681b(f);

(j)     Defendants preparing consumer reports about Plaintiff and Class Members without authorization or certification as required by 15 U.S.C. § 1681d(a), § 1681d(d)(1), § 1681d(d)(2);

(k)     Defendants procuring consumer reports about Plaintiff and Class without authorization or certification as required by 15 U.S.C. § 1681d(a);

(l)     Defendants investigating, preparing and delivering consumer reports about Plaintiff and Class Members in violation of 15 U.S.C. § 1681e(a) and § 1681e(d);

(m)    Defendants investigating, preparing and delivering consumer reports about Plaintiff and Class Members in violation of 15 U.S.C. § 1681k(a); and

(n)     Defendants failing institute and maintain reasonable procedures to ensure compliance with the FCRA.

20.    Defendants' actions, errors and omissions as alleged herein were willful within the meaning of 15 U.S.C. § 1681n.

21.    In the alternative, Defendants actions, errors and omissions were negligent with the meaning of 15 U.S.C. § 1681o.

22.    As a result of Defendants' actions, errors, and omissions alleged herein, Representative Plaintiff and Class Members were damaged and are entitled to statutory damages and punitive damages under the FCRA.

23.    Representative Plaintiff seeks injunctive relief for himself and Class Members under the FCRA prohibiting Defendants from violating the FCRA in the future and requiring them to employ appropriate procedures to ensure compliance with the Act, including the notice, disclosure, authorization, investigation and reporting requirements.  Absent an injunction, Defendants will continue to violate the FCRA causing consumers, namely Plaintiff and Class Members, current and future harm.

///

///

## SECOND CLAIM FOR RELIEF

## UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION LAW

### (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*)

### AGAINST ALL DEFENDANTS

24.     Representative Plaintiffs incorporate by reference and re-allege the foregoing paragraphs of this Complaint.

25.     California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

26.     During the Class Period, Defendants committed unlawful acts within the meaning of the UCL.  Defendants' unlawful acts include, without limitation, violation of the FCRA as alleged above.  Defendants' acts, errors, and omissions regarding violations of the FCRA constitute unlawful or fraudulent business practices under the UCL.  Specifically, Defendants engaged in business activities, including investigating, collecting information, reporting, evaluating and/or hiring of Representative Plaintiff and Class Members, while violating the legal mandates of the FCRA regarding the manner of conducting those business activities.

27.     Defendants' failure to abide by the law and comply with the FCRA has also harmed consumers, namely Plaintiff and Class Members, whose privacy has been invaded and private information has been disseminated in violation of the very laws created to avoid such harm.  Such conduct violates the UCL.

28.     Further, Defendants' failure to abide by the law and comply with the FCRA -- which are binding on both Defendants and their competitors -- has engendered an unfair competitive advantage in favor of Defendants, thereby constituting an unfair anti-competitive business practice within the provisions of the UCL.

29.     The UCL, including California Business and Professions Code § 17203, authorizes the Court to disgorge profits and restore any person in interest in the matter any money or property, real or personal, which may have been acquired by the means of unfair competition.  Representative Plaintiff and Class Members suffered invasion of their privacy regarding their personal information

due to Defendants' failure to comply with the notice, disclosure, investigation, and reporting provisions of the FCRA before investigating Representative Plaintiff and the Class Members, collecting data, and reporting on that information.  Representative Plaintiff and Class Members are entitled to restitution and disgorgement of profits for all sums obtained by Defendants in their business practices that were accomplished while using the unfair business practices alleged herein.

30.     Where, as here, the named Representative Plaintiff has suffered his own injury due to Defendants' unlawful business practices and the procedures for class certification have been followed, injunctive relief is authorized by the UCL, including by California Business and Professions Code § 17203.  Accordingly, the UCL claims herein may be pursued in the proposed class action on behalf of Representative Plaintiff and Class Members.

## PRAYER

Wherefore, Representative Plaintiff, on behalf of Representative Plaintiff and the Class Members, seeks recovery of the following:

(a)     Certification of the Class, including any necessary sub-class(es);

(b)     Statutory damages for Representative Plaintiff and each Class Members of not less than $100 and not more than $1,000 from each Defendant for violations of the FCRA (15 U.S.C. § 1681n);

(c)     Punitive damages for Representative Plaintiff and Class Members pursuant to the FCRA (including 15 U.S.C. § 1681n);

(d)     For restitution and disgorgement of profits to Representative Plaintiff and Class Members pursuant to the UCL (CAL. BUS. & PROF. CODE §§ 17200-17208);

(e)     Injunctive relief for Representative Plaintiff and Class Members under the FCRA and UCL in the form of an injunction requiring Defendants in the future to procure consumer reports, conduct investigations, and/or provide consumer/investigation reports only in compliance with FCRA regarding the requisite notices, disclosures, investigations, authorizations and procedures;

(f)     Attorney fees and costs, including class action fees, pursuant to FCRA (including 15 U.S.C. § 1681n and § 1681o);

(g)     Costs of suit herein; and

(h)     Such other and further relief as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable.

Dated: May 23, 2016                          ROSSI & MacDONALD
                                             A PROFESSIONAL CORPORATION


                                             By: _____
                                                   Duncan MacDonald
                                             Attorneys for Plaintiffs

10
COMPLAINT