1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   NANCY PRITIKIN, Cal. Bar No. 102392
3  npritikin@sheppardmullin.com
   379 Lytton Avenue
4  Palo Alto, California 94301-1479
   Telephone: 650.815.2600
5  Facsimile: 650.815.2601

6  ADAM ROSENTHAL, Cal. Bar No. 246722
   arosenthal@sheppardmullin.com
7  KIMBERLY BROOKS, Cal. Bar No. 306470
   kbrooks@sheppardmullin.com
8  12275 El Camino Real, Suite 200
   San Diego, California 92130-2006
9  Telephone: 858.720.8900
   Facsimile: 858.509.3691
10

11 Attorneys for Defendant
   EISENHOWER MEDICAL CENTER

12                  UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14

15

16 MARC MARCHIOLI,                     Case No. 5:16-cv-02305-JGB-DTB

17          Plaintiff,                 PROPOSED CLASS ACTION

18      v.                             **DEFENDANT EISENHOWER
                                       MEDICAL CENTER'S
19 PRE-EMPLOY.COM, INC.;               MEMORANDUM OF POINTS AND
   EISENHOWER MEDICAL CENTER;          AUTHORITIES IN SUPPORT OF
   and DOES 1-10,                      MOTION TO DISMISS**

20          Defendants.               [Fed. R. Civ. Proc. 12 (b)(1) and (6)]

21

22                                    *[Notice of Motion and Motion to
                                      Dismiss and [Proposed] Order
23                                    submitted concurrently herewith]*

24                                    **Date**: January 23, 2017
                                      **Time**: 9:00 a.m.
25                                    **Courtroom**: 1

26                                    Hon. Jesus G. Bernal.

27

28

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ..............................1

II.  FACTUAL BACKGROUND ...........................................................1

III. PROCEDURAL HISTORY ..........................................................2

IV.  LEGAL STANDARD ..................................................................3

    A.   Federal Rule of Civil Procedure 12(b)(1) ................................3

    B.   Federal Rule of Civil Procedure 12(b)(6) ................................4

V.   THE COURT SHOULD DISMISS THIS ACTION FOR LACK OF STANDING AND/OR FAILURE TO STATE A CLAIM ..............................5

    A.   The Supreme Court's Decision in *Spokeo* Strips Plaintiff of Standing..................................................................................5

    B.   Plaintiff Fails to Allege Actual Harm or a Material Risk of Harm Necessary to Establish Standing ............................................7

        1.   The Alleged Violation of the FCRA's Notice and Authorization Requirement Is Not a Concrete Injury ................8

        2.   The Alleged Violation of the FCRA's Adverse Action Requirements Is Not a Concrete Injury ........................................9

        3.   The Alleged Violation of the FCRA's Reasonable Procedures Requirement Is Not a Concrete Injury....................12

VI.  ALTERNATIVELY, THE COURT SHOULD STAY THE ACTION PENDING RESOLUTION OF *SPOKEO*........................................13

VII. CONCLUSION ......................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Ashcroft v. Iqbal*
  556 U.S. 622 (2009) ...................................................................... 4

*Associated Gen. Contractors of Cal. Ins. v. Cal. State Council of Carpenters*
  459 U.S. 519 (1983) ...................................................................... 4

*Bautista v. Los Angeles County*
  216 F.3d 837 (9th Cir. 2000) ......................................................... 4

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 ............................................................................... 4, 5

*Biodiversity Legal Found. v. Badgley*
  309 F.3d 1166 (9th Cir. 2002) ....................................................... 3

*The Cetacean Community v. Bush et al.*
  386 F.3d 1169 (9th Cir. 2004) .................................................... 3, 4

*Clapper v. Amnesty International USA*
  133 S. Ct. 1138 (2013) .................................................................. 7

*Doe v. United States*
  58 F.3d 494 (9th Cir. 1995) ........................................................... 5

*Dolan v. Select Portfolio Servicing*
  No. 03-cv-3285 PKC AKT, 2016 WL 40991090 (E.D.N.Y. Aug., 2, 2016) ....................................................................................... 10

*Dutta v. State Farm Mut. Auto. Ins. Co.*
  2016 WL 6524390 (N.D. Cal. Nov. 3, 2016) ................................ 11

*Edwards v. First American Corp.*
  610 F.3d 514 (9th Cir. 2010) ......................................................... 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*
  528 U.S. 167 (2000) ...................................................................... 3

*Johnson v. Riverside Healthcare Sys.*
  534 F.3d 1116 (9th Cir. 2008) ....................................................... 4

*Kemply v. Cashcall, Inc.*
  2016 U.S. Dist. LEXIS 72785 (N.D. Cal. June 3, 2016) ................ 13

*Kirchner v. First Advantage Background Servs.*
  2016 WL 6766944 (E.D. Cal. Nov. 10, 2016) ............................... 11

*Larroque v. First Advantage LNS Screening*
  2016 WL 4577257 (N.D. Cal. Sept. 2, 2016) ...................... 9, 10, 11

Case No. 5:16-cv-02305-JGB-DTB
EISENHOWER MEDICAL CENTER'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992) ............................................................. 3, 7

*Marceau v. Blackfeet Hous. Auth.*
  540 F.3d 916 (9th Cir. 2008) ................................................ 4

*Nokchan v. Lyft, Inc.*
  Case No. 15-cv-03008-JCS, 2016 WL 5815287 (N.D. Cal. Oct. 5, 2016) ...................................................................................... 10, 11

*Robins v. Spokeo, Inc.*
  742 F.3d 409 (9th Cir. 2014) ................................................ 6

*Schmier v. U.S. Ct. App. for the Ninth Circuit*
  279 F.3d 817 (9th Cir. 2001) ................................................ 3

*Spokeo, Inc. v. Robins*
  136 S. Ct. 1540 (May 16, 2016) ...................... 1, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001) ................................................ 4

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011) .............................................. 5

*Taylor v. IDC Techs., Inc.*
  2015 WL 6602526 (N.D. Cal. Oct. 30, 2015) ........................ 12

Statutes

15 U.S.C. section 1681 ........................... 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13

15 U.S.C. section 1681b ....................................................................... 9

15 U.S.C. section 1681b(b) ................................................................. 9, 11

15 U.S.C. section 1681b(b)(1) ............................................................ 10

15 U.S.C. section 1681d ....................................................................... 8

15 U.S.C. section 1681e ....................................................................... 12, 13

15 U.S.C. section 1681e(b) .................................................................. 5

15 U.S.C. section 1681m(a) ................................................................. 9

California Business and Professions Code section 17200 .............. 1, 2, 3, 8

California Code of Civil Procedure section 425.16 ......................... 2, 3

Other Authorities

Federal Rule of Civil Procedure 8(a) ............................................... 4

Federal Rule of Civil Procedure 12(b)(1) ....................................... 3, 4

-iii-

Federal Rule of Civil Procedure 12(b)(6) ......................................................... 4

Federal Rules of Civil Procedure 12(b)(1) ..................................................... 3

Federal Rules of Civil Procedure 12(b)(6) ..................................................... 3

-iv-

SMRH:479953899.1

Case No.  5:16-cv-02305-JGB-DTB
EISENHOWER MEDICAL CENTER'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The U.S. Supreme Court's recent decision in *Spokeo, Inc. v. Robins* ends Plaintiff Marc Marchioli's ("Plaintiff's") action for lack of Article III standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (May 16, 2016). *Spokeo* disapproves of prior jurisprudence holding that the allegation of a bare statutory violation is sufficient, without more, to satisfy Article III standing. *Id*. at 1549. In *Spokeo*, the Supreme Court confirmed that in order to have standing a plaintiff must allege a "concrete" injury, which the Court defined as "actual or imminent, not conjectural or hypothetical." *Id*. at 1548. A bare statutory violation, alone, is insufficient.

Here, Plaintiff Marc Marchioli ("Plaintiff") fails to satisfy this burden, as he merely alleges that Defendant Eisenhower Medical Center ("EMC") and Co-Defendant Pre-Employ.Com, Inc. ("Pre-Employ") failed to obtain certain authorizations and failed to provide certain notices and disclosures in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").[1] (Complaint, ¶¶ 18-23.) Plaintiff's lawsuit is based entirely on technical violations of the FCRA and no real or actual injury. Thus, Plaintiff lacks Article III standing, and the Court should dismiss his Complaint in its entirety.

# II.

## FACTUAL BACKGROUND

Plaintiff applied for an open Physician Assistant position at Eisenhower Health Center at Rimrock in Palm Springs, a facility owned and operated by Defendant EMC. As part of the standard online job application, Plaintiff gave EMC and Co-Defendant Pre-Employ written authorization to conduct a standard background check. Because Physician Assistant applicants must obtain hospital

---

[1] Plaintiff further alleges that these same violations of the FCRA also constituted a violation of California's Unfair Competition Law, Cal. Bus & Prof. Code § 17200 *et seq*. ("UCL"). (Complaint, ¶¶ 24-30)

privileges from EMC's autonomous peer review board in order to work at the Hospital, Plaintiff also separately gave the peer review board authorization to confidentially communicate with his prior employers and co-workers, in order to assess whether to extend hospital privileges to Plaintiff. Ultimately, EMC notified Plaintiff that it would not offer him employment.

Although he lacks an actual cognizable injury based on his FCRA and UCL claims, Plaintiff nonetheless filed this putative class action. In his lawsuit, Plaintiff claims EMC and Pre-Employ failed to provide him with adequate notices, disclosures, and authorizations regarding his background check. [Complaint, ¶ 2.] Plaintiff rests the merits of this action on allegations of statutory violations alone. Plaintiff fails to identify any harm he and the putative class suffered as a result of the purported violations, or for that matter, any other harm whatsoever. He claims that bare violations of the FCRA and UCL alone entitle him and proposed class members to damages and injunctive relief. [Complaint, ¶¶ 22-23, 29.]

### III.

### PROCEDURAL HISTORY

On May 23, 2016, Plaintiff filed this putative class action lawsuit against Co-Defendant Pre-Employ and EMC in the Eastern District of California. On November 3, 2016, the Eastern District transferred this action to this Court. [Dkt. No. 34.] This putative class action is related to another action, Case No. 2:16-cv-01195-MCE-AC, brought by Plaintiff solely in his individual capacity, which currently remains in the Eastern District of California (the "Individual Action"). In the Individual Action, EMC's similar (i) Motion to Transfer Venue, (ii) Motion to Dismiss, and (iii) Special Motion to Strike Pursuant to California Code of Civil Procedure Section 425.16 (the "Anti-SLAPP Statute") are still pending.

In the Complaint for his putative class action, Plaintiff asserts two causes of action against Pre-Employ and EMC (collectively "Defendants"): (i) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA")

1  and (ii) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §

2  17200 *et seq*. ("UCL").  In response, EMC submits this Motion to Dismiss Pursuant

3  to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2]

**IV.**

**LEGAL STANDARD**

**A.    Federal Rule of Civil Procedure 12(b)(1)**

A plaintiff suing in federal court has the burden of establishing that he possesses standing to sue the defendant.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Schmier v. U.S. Ct. App. for the Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2001).  "Standing is determined as of the commencement of the litigation."  *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1170 (9th Cir. 2002).  The existence of standing "is an essential and unchanging part of the case-or-controversy requirement of Article III" of the Constitution, from which federal courts derive their subject matter jurisdiction.  *Lujan*, 504 U.S. at 560.

To possess standing pursuant to Article III of the Constitution, "a plaintiff 'must show that (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'"  *The Cetacean Community v. Bush et al.*, 386 F.3d 1169, 1174 (9th Cir. 2004), quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter

---

[2] EMC will also timely re-notice a Special Motion to Strike Pursuant to California Code of Civil Procedure Section 425.16 (the "Anti-SLAPP Statute").  If the Court is not inclined to grant EMC's Special Motion to Strike, EMC requests that, in the alternative, the Court grant this Motion to Dismiss.

1  jurisdiction over the suit." *Id*. "In that event, the suit should be dismissed under

2  Rule 12(b)(1)." *Id*.

3  **B.**    **Federal Rule of Civil Procedure 12(b)(6)**

4           In order to comply with Federal Rule of Civil Procedure 8(a), a plaintiff

5  "must plead a short and plain statement of [the] elements of his or her claim,

6  identifying the transaction or occurrence giving rise to the claim and the elements of

7  the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir.

8  2000).  Where the plaintiff fails to do so, a defendant may move to dismiss the

9  plaintiff's claim for "failure to state a claim upon which relief can be granted."  Fed.

10  R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) may be based on the

11  plaintiff's failure to plead a cognizable legal theory, or on the absence of sufficient

12  factual allegations in the complaint.  *See Johnson v. Riverside Healthcare Sys.*, 534

13  F.3d 1116, 1121 (9th Cir. 2008).

14           In reviewing a complaint in response to a Rule 12(b)(6) motion, a court

15  must accept as true all allegations of material fact, and construe them in the light

16  most favorable to the non-moving party.  *See Marceau v. Blackfeet Hous. Auth.*, 540

17  F.3d 916, 919 (9th Cir. 2008).  However, a court is not required to accept as true

18  allegations that are conclusory, unwarranted deductions of fact, or unreasonable

19  inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

20  2001).  In addition, it is not proper for a court to assume "the [plaintiff] can prove

21  facts that [he] has not alleged or that defendants have violated the . . . laws in ways

22  that have not been alleged." *Associated Gen. Contractors of Cal. Ins. v. Cal. State

23  Council of Carpenters*, 459 U.S. 519, 526 (1983).

24           It is also well-settled that "a complaint must contain sufficient factual

25  matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

26  556 U.S. 622, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 -

27  (2007).  A complaint must "plausibly suggest entitlement to relief, such that it is not

28  unfair to require the opposing party to be subject to the expense of discovery and

-4-

continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.   If the complaint clearly cannot be cured by the allegation of different facts, then the complaint should be dismissed without leave to amend. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## V.

## THE COURT SHOULD DISMISS THIS ACTION FOR LACK OF STANDING AND/OR FAILURE TO STATE A CLAIM

Plaintiff fails to demonstrate that he has suffered actual injury or that there is an imminent risk that he will suffer injury.   In the absence of any injury-in-fact, Plaintiff cannot demonstrate standing necessary for subject matter jurisdiction nor can he demonstrate that his claim entitles him to relief.

### A.    The Supreme Court's Decision in *Spokeo* Strips Plaintiff of Standing

In *Spokeo, Inc. v. Robins*, defendant consumer reporting agency operated an Internet "people search engine" that gathered and provided information about individuals for a number of purposes, including an employer's evaluation of prospective employees. *Spokeo*, 136 S. Ct. at 1544.   Plaintiff filed a class action complaint claiming that defendant willfully failed to comply with the requirements of the FCRA in that it failed to "follow reasonable procedures to assure maximum possible accuracy of" the information concerning the individual about which the report relates. *Id*. at 1545 (citing 15 U.S.C. § 1681e(b)).

The district court dismissed the complaint for lack of Article III standing because Robins did not sufficiently allege he suffered an injury in fact. *Id*. at 1544.   The Ninth Circuit reversed. *Id*.   Relying on its earlier decision in *Edwards v. First American Corp*., 610 F.3d 514 (9th Cir. 2010), the Ninth Circuit held that plaintiff had satisfied Article III's injury-in-fact requirement because defendant

1  "violated *his* statutory rights, not just the statutory rights of other people" and his

2  "personal interests in the handling of his credit information are individualized rather

3  than collective." *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413-14 (9th Cir. 2014)

4  (emphasis in original). The Ninth Circuit held that the mere allegation of a statutory

5  violation sufficiently pleaded Article III standing. *Id.* at 412 ("[T]he violation of a

6  statutory right is usually a sufficient injury in fact to confer standing."). The

7  Supreme Court granted certiorari.

8      The Supreme Court held that the Ninth Circuit's analysis was

9  "incomplete" and, therefore, flawed. *Spokeo*, 136 S. Ct. at 1545. Although the

10 Ninth Circuit considered whether the alleged injury was "particularized," by relying

11 on a mere statutory violation, it "overlooked" whether plaintiff also alleged a

12 "concrete" injury. *Id.* As the majority opinion explained, the Court has "made it

13 clear time and time again that an injury in fact must be both concrete and

14 particularized." *Id.* An injury must be "particularized" in that it "must affect the

15 plaintiff in a personal and individual way." *Id.* at 1548. But while

16 "[p]articularization is necessary to establish injury in fact . . . it is not sufficient"

17 because "[a]n injury in fact must also be 'concrete.'" *Id.*

18     The Court recognized the relevance of "Congress' role in identifying

19 and elevating intangible harms." *Id.* at 1549. But the Court made clear this "does

20 not mean that a plaintiff automatically satisfies the injury-in-fact requirement

21 whenever a statute grants a person a statutory right and purports to authorize that

22 person to sue to vindicate that right." *Id.* Rather, "Article III standing requires a

23 concrete injury even in the context of a statutory violation." *Id.* Thus, plaintiff

24 "could not, for example, allege a bare procedural violation [of the FCRA], divorced

25 from any concrete harm, and satisfy the injury-in-fact requirement of Article III."

26 *Id.*

27     The Court explained that a plaintiff establishes a "concrete" injury by

28 adequately alleging either: (1) actual harm; or (2) a "material risk of harm." *Id.* at

-6-

1550.   The Court ultimately remanded the case to the Ninth Circuit to determine whether plaintiff's allegations amounted to the actual harm or material risk of harm necessary to meet the concreteness requirement.  *Id.*

Plaintiff failed to plead that he suffered harm or faced a material risk of harm as a result of the alleged FCRA violations by EMC.   Therefore, Plaintiff's action should be dismissed for lack of standing or failure to state a claim upon which relief can be granted.  Either ground is sufficient for the Court to dismiss the Complaint.

**B.    Plaintiff Fails to Allege Actual Harm or a Material Risk of Harm Necessary to Establish Standing**

*Spokeo* held that a concrete injury is one that is "'real' and not 'abstract'".  *Spokeo*, 136 S. Ct. at 1548.  The Supreme Court explained that courts should assess two factors in determining whether an asserted intangible injury is sufficiently concrete: (1) "whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," and (2) "because Congress is well positioned to identify intangible harms that meet minimum Article III requirements," whether Congress made a "judgment" that particular harms should be sufficient to institute an action in court.  *Id*. at 1549.

The Court further noted that, under its precedents, a plaintiff need not wait to file suit until after a harm occurs.  *See id*.  The "risk of real harm" may suffice – and the Court cited in support of that proposition its decision in *Clapper v. Amnesty International USA*, 133 S. Ct. 1138, 1143 (2013).  In *Clapper*, the Court held a risk of harm may not be "hypothetical," but rather "certainly impending," "actual or imminent."  *Id*. at 1156 (citing *Lujan*, 504 U.S. at 560-61) ("plaintiff cannot manufacture standing . . . based on [his] fears of hypothetical future harm that is not certainly impending").  Thus, only "certainly impending" harm or actual harm is sufficient to satisfy Article III's injury-in-fact requirement.

EISENHOWER MEDICAL CENTER'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    No concrete harm or sufficiently certain risk of concrete harm
2    automatically results from every alleged violation of the statutory provisions on
3    which Plaintiff relies.  The Supreme Court in Spokeo observed that violations "of
4    the FCRA's procedural requirements may result in no harm," both because (1) the
5    procedural violations do not necessarily result in the publication of inaccurate
6    information, and (2) "not all inaccuracies cause harm or present any material risk of
7    harm"  *Spokeo*, 136 S. Ct. at 1550.  Therefore, the Supreme Court held, under the
8    facts of that case, plaintiff could "not satisfy the demands of Article III by alleging a
9    bare procedural violation.  *Id*.

10    Here, Plaintiff alleges EMC violated the following provisions of the
11    FCRA:  (i) notice and authorization requirements before obtaining Plaintiff's
12    background check; (ii) disclosure and notice requirements for taking adverse action
13    against Plaintiff; and (iii) failing to institute and maintain reasonable procedures to
14    ensure compliance.  [Complaint, ¶ 19.]  Plaintiff, however, does not allege a single
15    fact to suggest actual harm nor any imminent risk of harm resulting from these
16    alleged violations.   Neither the statutory violations alleged nor the factual
17    allegations of the Complaint demonstrate that Plaintiff suffered the required
18    concrete harm or faced a "certainly impending" risk of harm.   For the reasons
19    outlined below, Plaintiff has failed to demonstrate concrete injury for the Court to
20    entertain his FCRA and related UCL claims.

21    **1.**    **The Alleged Violation of the FCRA's Notice and Authorization**
22            **Requirement Is Not a Concrete Injury**

23    Plaintiff alleges that EMC violated what is referred to as the FCRA's
24    "Notice and Authorization" requirement.   [Complaint, ¶ 19, citing 15 U.S.C. §
25    1681(d).]  The FCRA requires employers to provide applicants with a "clear and
26    conspicuous disclosure" that the employer may obtain a consumer report and to
27    obtain the applicant's authorization in writing.  *See* 15 U.S.C. § 1681(d).

28

As the Supreme Court held in *Spokeo*, plaintiff "could not, for example, allege a bare procedural violation [of the FCRA], divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 136 S. Ct. at 1549. Similarly to *Spokeo*, Plaintiff in this action cannot allege "a bare procedural violation" of the FCRA's "Notice and Authorization" requirement, without alleging some concrete harm.  Plaintiff cannot articulate any, and has not suffered any, concrete harm in relation to the "Notice and Authorization" requirement of the FCRA.  Nothing in Plaintiff's Complaint suggests – nor is there a reasonable basis for an assertion – that either concrete harm or "certainly impending" concrete harm automatically follows from this alleged technical violation of the FCRA.

### 2. The Alleged Violation of the FCRA's Adverse Action Requirements Is Not a Concrete Injury

Plaintiff also alleges that EMC violated FCRA requirements surrounding an employer's decision to take adverse action against an applicant. [Complaint, ¶ 19, citing 15 U.S.C. § 1681b.]  Under the FCRA, if an employer decides to take an "adverse action " against the applicant "based in whole or in part" on the applicant's background screening results, the employer must first provide the applicant with a "pre-adverse action disclosure" – verbally or in writing – stating that information contained in the applicant's background screening report, if accurate, may result in the employment being denied.  *See* 15 U.S.C. § 1681b(b). After giving the applicant a reasonable opportunity to cure any potentially erroneous information in the screening, the employer must provide the applicant with an "adverse action notice" if the employer decides not to offer the applicant employment.  *See* 15 U.S.C. § 1681m(a).

The Northern District of California in *Larroque v. First Advantage* addressed whether a plaintiff suing for violations of the FCRA "Adverse Action" requirements sufficiently alleged concrete injury to establish Article III standing in light of the Supreme Court's decision in *Spokeo*.  *Larroque v. First Advantage LNS*

-9-

*Screening*, 2016 WL 4577257 (N.D. Cal. Sept. 2, 2016).  In *Larroque*, the plaintiff, on behalf of a putative class, sued the credit reporting agency for failing to obtain certification of the employer's compliance with section 1681b(b)(1) of the FCRA prior to furnishing background checks to the employer.  *Id*. at *1.  However, Plaintiff's complaint contained "no allegations of *any* type of harm."  *Id*. at *4.  And the plaintiff's invasion of privacy theory for showing harm failed entirely where plaintiff consented to the release of her information.  *Id*. at *5.  Accordingly, the court in no uncertain terms concluded that this was "**exactly** the situation that the Supreme Court [in *Spokeo*] indicated cannot confer Article III standing."  *Id*. (emphasis added).

Recently, the Northern District of California in *Nokchan v. Lyft* again evaluated whether a plaintiff alleging violations of FCRA disclosure requirements had sufficiently pled concrete injury in light of *Spokeo*.  *Nokchan v. Lyft, Inc.*, Case No. 15-cv-03008-JCS, 2016 WL 5815287 (N.D. Cal. Oct. 5, 2016).  Although courts prior to *Spokeo* had held that a failure to provide FCRA disclosures amounted to an "informational injury" that gave rise to Article III standing, the *Nokchan* court held that "in the wake of *Spokeo*," the prior cases could "not be read to stand for the broad proposition that violation of a disclosure requirement under the FCRA, by itself, is sufficient to confer Article III standing on a plaintiff."  *Id.* at *9.

The *Nokchan* court further declined to adopt precedent that had equated FCRA disclosure requirements to statutory rights intended to protect and promote public interests – i.e., statutes protecting against racial discrimination.  *Id*.  The *Nokchan* court appropriately refused to find that a purported failure to make certain disclosures under the FCRA implicates interests of broad significance to the public in the same way that violations of other statutes could, such as those affecting the public's access to information concerning campaign contributions and the federal judiciary.  *Id.* (agreeing with the conclusions in *Dolan v. Select Portfolio Servicing*, No. 03-cv-3285 PKC AKT, 2016 WL 40991090 (E.D.N.Y. Aug., 2, 2016)).

1    Even more recently, the Northern District held in *Dutta v. State Farm*
2  that certain alleged violations of the FCRA's adverse action requirements in the
3  employment context were a "**textbook example**" of a bare procedural violation in
4  light of *Spokeo*. *Dutta v. State Farm Mut. Auto. Ins. Co.*, 2016 WL 6524390, at *3
5  (N.D. Cal. Nov. 3, 2016) (emphasis added). In *Dutta*, plaintiff, a job applicant gave
6  his prospective employer authorization to procure a background check on him from
7  an outside agency. *Id.* at *1. The employer ultimately informed the applicant that
8  because of negative items on his credit report, it had denied his application. *Id.* A
9  few days later, the employer gave him a FCRA Pre-Adverse Action Notice. *Id.*
10  Since the employer gave the required notice, albeit with some delay, and the credit
11  report was accurate, the court determined that the applicant had not suffered a
12  concrete injury. *Id.* at *3.

13    Finally, only a few weeks ago in *Kirchner v. First Advantage*, the
14  Eastern District of California dismissed a complaint **with prejudice** because
15  plaintiff, a job applicant, had not alleged, and the court could not conceive of a
16  "concrete" injury that might have resulted from any alleged failure to comply with
17  the FCRA's adverse action requirements. *Kirchner v. First Advantage Background*
18  *Servs.*, 2016 WL 6766944, at *3 (E.D. Cal. Nov. 10, 2016). In coming to the
19  conclusion, the court in *Kirchner* observed that the *Larroque* court had already
20  found no concrete injury for a similar procedural violation of the FCRA. *Id.* at *2.

21    Like the plaintiffs in *Spokeo*, *Larroque*, *Nokchan*, *Dutta*, and *Kirchner*,
22  Plaintiff has failed to sufficiently plead that he suffered a concrete injury under
23  FCRA to maintain this claim. FCRA's Adverse Action requirements on their own
24  are merely procedural – they do *not* permit the assumption that Plaintiff suffered any
25  real, imminent, or actual harm. Plaintiff does nothing to allege harm other than
26  present a general list of FCRA violations. [*See* Complaint, ¶¶ 19-21.] The
27  Complaint does not even allege that EMC's rejection of Plaintiff's application was
28  "based in whole or in part" on his background check. *See* 15 U.S.C. § 1681b(b).

-11-

1   Thus, Plaintiff has not pled either concrete harm or "certainly impending" concrete

2   harm automatically following from the alleged violations of the FCRA's "Adverse

3   Action" requirements.

4       **3.**    **The Alleged Violation of the FCRA's Reasonable Procedures**

5       **Requirement Is Not a Concrete Injury**

6       Additionally, Plaintiff alleges EMC and Co-Defendant Pre-Employ

7   failed to institute and maintain reasonable procedures to ensure compliance with the

8   FCRA. [Complaint, ¶ 19(n).] Plaintiff's allegation against EMC is legally deficient

9   since the FCRA's compliance provisions only require a "consumer reporting

10  agency" to follow reasonable procedures to ensure compliance. *See* 15 U.S.C. §

11  1681e (including no reference to any entities other than consumer reporting

12  agencies); *see also Taylor v. IDC Techs., Inc.*, 2015 WL 6602526, at *1 (N.D. Cal.

13  Oct. 30, 2015) (distinguishing FCRA responsibilities of consumer reporting

14  agencies from those of employers). Hence, Plaintiff's FCRA allegation concerning

15  "reasonable procedures" does not apply to EMC, which is not a consumer reporting

16  agency.

17      However, even assuming, *arguendo*, FCRA section 1681e did apply to

18  employers, this procedural violation alone is insufficient to establish concrete injury

19  for Article III standing. As the Supreme Court held in *Spokeo*, alleging a bare

20  violation of the FCRA is insufficient to establish standing because "a violation . . .

21  may result in no harm." 136 S. Ct. at 1550. First, reported information "may be

22  entirely accurate". *Id*. Second, there is no congressional judgment that failure to

23  use reasonable procedures to ensure maximum accuracy should permit an action in

24  court in the absence of conventional injury in fact. *See id*. In other words, there is

25  no evidence that Congress focused on violations of section 1681e and made a

26  "judgment" that such violations should be actionable even when not accompanied

27  by any real-world injury.

28

1    Plaintiff does not suggest that the information in his background check

2    was inaccurate.    Nor does Plaintiff point to any congressional intent to make a

3    violation of FCRA section 1681e automatically sufficient to establish concrete

4    injury.    Thus, even if section 1681e applied to employers, Plaintiff does not allege

5    any actual or imminent harm necessary to establish standing under Article III.

6                                   **VI.**

7    **ALTERNATIVELY, THE COURT SHOULD STAY THE ACTION**

8    **PENDING RESOLUTION OF _SPOKEO_**

9    At a minimum, the Court should stay this action pending the Ninth

10    Circuit's decision in *Spokeo*.    Following the Supreme Court's remand of *Spokeo* to

11    the Ninth Circuit, the parties submitted additional briefing addressing whether the

12    alleged procedural violations of the FCRA entailed a degree of risk sufficient to

13    meet the concreteness requirement for standing under Article III.    Oral argument

14    addressing the issue is scheduled for December 13, 2016.

15    The Northern District of California in *Kemply v. Cashcall, Inc.*, 2016

16    U.S. Dist. LEXIS 72785 (N.D. Cal. June 3, 2016) has already taken this approach in

17    view of the potential change in law that may result in *Spokeo*.    There, the court

18    stayed all pending deadlines and required the parties to meet and confer to address

19    defendant's motion for a new trial following the Supreme Court's decision in

20    *Spokeo*. *Id*. at *2-3.    The court required the parties to address "[w]hether at the time

21    of trial …, the injury in fact requirement in [the Ninth Circuit] was different than it

22    is now under *Spokeo*, and whether given *Spokeo* and the potential change in the law

23    concerning Article III standing, there is any basis for Plaintiffs to now submit

24    evidence to prove Article III standing and for [defendant] to prepare a defense on

25    the same grounds." *Id*. at *3.    If this Court declines to dismiss the action, the Court

26    should follow the approach taken in *Kemply* and await a final decision from the

27    Ninth Circuit in *Spokeo*.

28

## VII.

## CONCLUSION

As the Supreme Court's ruling in *Spokeo* makes clear, Plaintiff does not allege an injury in fact and, therefore, does not have Article III standing to pursue this action.   In the absence of any allegation of concrete injury in the Complaint, the Court cannot entertain Plaintiff's action or grant Plaintiff relief for his claims.   For all of the foregoing reasons, EMC respectfully requests that the Court grant its motion to dismiss the Complaint, or, in the alternative, stay this action pending the Ninth Circuit's resolution of *Spokeo*.

Dated: November 22, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                    */s/ Adam R. Rosenthal*
                    NANCY PRITIKIN
                    ADAM ROSENTHAL
                    KIMBERLY BROOKS
                    Attorneys for Defendant
                    EISENHOWER MEDICAL CENTER

1

## **CERTIFICATE OF SERVICE**

2        The undersigned hereby certifies that a true and correct copy of the above and

3  foregoing document has been served on November 22, 2016 to all counsel of record

4  who are deemed to have consented to electronic service via the Court's CM/ECF

5  system per Civil Local Rule 5.4.  Any other counsel of record will be served by

6  electronic mail, facsimile and/or overnight delivery.

7

8               By    */s/ Adam R. Rosenthal*
                      Adam Rosenthal
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:479953899.1                    EISENHOWER MEDICAL CENTER'S MEMORANDUM OF
                                    POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS